ORAL ARGUMENT NOT YET SCHEDULED

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN GAS ASSOCIATION, AMERICAN PUBLIC GAS ASSOCIATION, SPIRE INC., SPIRE ALABAMA INC., SPIRE MISSOURI INC., AND THERMO PRODUCTS, LLC, <br><br> *Petitioners*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY AND JENNIFER GRANHOLM, SECRETARY, U.S. DEPARTMENT OF ENERGY, <br><br> *Respondents.* | No. 22-1030 |

### UNOPPOSED MOTION TO INTERVENE IN SUPPORT OF RESPONDENTS

Pursuant to Federal Rule of Appellate Procedure ("FRAP") 15(d), the States of New York, Illinois, Maine, Maryland, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Vermont, Washington, the Commonwealth of Massachusetts, the District of Columbia, and the City of New York (collectively, "State and Municipal Intervenors") hereby move for leave to intervene in Case No. 22-1030 to support respondents United States Department of Energy and Jennifer Granholm, Secretary of the United States Department of Energy (collectively, "DOE") in defense of DOE's final rule entitled "Energy Conservation Standards for Appliances:

1

Energy Conservation Standards for Residential Furnaces and Commercial Hot Water Heaters," 86 Fed. Reg. 73,947 (Dec. 29, 2021) ("Final Rule"). As governmental entities charged with reducing the economic costs and negative environmental impacts of energy production and use, including emissions of pollutants that contribute to climate change, State and Municipal Intervenors have a compelling interest in strong national appliance and equipment efficiency standards. DOE's Final Rule allows the agency to adopt improved efficiency standards for furnaces and hot water heaters consistent with its obligations under the Energy Policy and Conservation Act, as amended (EPCA), 42 U.S.C. §§ 6291 *et seq.*

Counsel for State and Municipal Intervenors contacted counsel for Petitioners American Gas Association, American Public Gas Association, Spire, Inc., Spire Alabama, Inc., Spire Missouri, Inc., and Thermo Products, Inc., and contacted counsel for Respondents, to inform them of proposed intervenors' intent to file this motion. Petitioners and Respondents take no position on this motion.

## BACKGROUND

1.      Petitioners seek judicial review of DOE's Final Rule, which reinstates DOE's long-standing interpretation of EPCA's "features" provisions, 42 U.S.C. §§ 6295(o)(4), 6313(a)(6)(B)(iii)(II)(aa). The Final Rule addresses whether, in the context of residential furnaces, commercial water heaters, and similarly situated products or equipment, non-condensing technology[1] (and associated venting)

---

[1] Modern condensing furnaces and water heaters are far more efficient than traditional non-condensing furnaces and water heaters because they utilize a

(continued…)

constitutes a performance-related "feature" under EPCA which may not be eliminated by an energy conservation standard.

2.    EPCA authorizes DOE to set minimum energy conservation standards for approximately 60 categories of appliances and equipment used in residences and businesses. New or amended standards must be designed to achieve the maximum improvement in energy efficiency that is technologically feasible and economically justified and will result in significant energy savings. 42 U.S.C. § 6295(o)(2)(A). DOE must also consider any reduced product utility or performance that may result from the imposition of a new or amended standard. 42 U.S.C. § 6295(o)(2)(B)(i)(IV).

3.    To protect against the elimination of performance-related features that provide unique utility to consumers, DOE may not prescribe an efficiency standard if it finds that such standard is likely to result in the loss of "performance characteristics (including reliability), features, sizes, capacities, and volumes that are substantially the same" as those in currently available products. 42 U.S.C. §§ 6295(o)(4), 6313(a)(6)(B)(iii)(II)(aa).

4.    EPCA further authorizes DOE to divide covered products into product classes by the type of energy used, by capacity, or by other performance-related features when evaluating and establishing energy conservation standards. 42

---

(…continued)

second heat exchanger to harness residual heat from exhaust gases. *See* https://www.energy.gov/energysaver/furnaces-and-boilers; https://www.energy.gov/sites/prod/files/2014/10/f18/October%209th%20Workshop%20Presentation%20-%20Kevin%20Dunn.pdf

U.S.C. § 6295(q)(1). In determining whether a product trait is a performance-related feature that justifies the establishment of a higher or lower standard from that which applies to similar products lacking such trait or feature, DOE must "consider such factors as the utility to the consumer of such a feature, and such other factors as [DOE] deems appropriate." *Id.*

5.    For purposes of the 42 U.S.C. § 6295(q)(1) analysis, DOE has historically viewed "utility" as an aspect of the product that is accessible to the layperson and is based on user operation and interaction with the product. *See* 86 Fed. Reg. 73,948-49. For example, in prior product standard rulemakings DOE has determined utility based on the usefulness or value of the specific feature to the consumer, rather than based on considerations (including design parameters) that do not impact what the consumer perceives as the function of the product, or costs that anyone, including the consumer, manufacturer, installer, or utility companies, may bear. *Id.*

6.    Between 2015 and 2016, DOE issued proposed amended standards for furnaces and hot water heaters, in accordance with its obligation under EPCA to periodically update standards for those products (*see* 80 Fed. Reg. 13,120 (Mar. 12, 2015); 81 Fed. Reg. 34,440 (May 31, 2016); 81 Fed. Reg. 65,720 (Sept. 23, 2016)). If adopted, these proposed standards would have effectively required furnaces and water heaters in certain classes to use condensing technology to meet the improved fuel efficiency standards. As a consequence, all non-condensing products would have been eliminated from the market due to their inability to achieve the minimum

4

required efficiency levels. DOE noted in its proposals that it had no statutory basis for creating separate product classes with differing efficiency requirements based on equipment venting and condensate drainage characteristics because such features do not provide unique utility to consumers beyond the basic function of providing heat and hot water, which all furnaces and water heaters provide. *See* 80 Fed. Reg. 13,138; 81 Fed. Reg. 34,462-63; 81 Fed. Reg. 65,753.

7.    In 2018, Petitioners American Public Gas Association, American Gas Association, Spire, Inc. and others petitioned DOE to issue an interpretive rule stating that DOE's proposed amended furnace and water heater standards would result in the unavailability of "performance characteristics" within the meaning of EPCA by eliminating from the market products using non-condensing technology. S*ee* Notice of Petition for Rulemaking; Request for Comment, 83 Fed. Reg. 54,883 (Nov. 1, 2018). The petition further requested that DOE withdraw the proposed standards based on such ruling. State and Municipal Intervenors submitted comments opposing the petition in the ensuing administrative proceeding. *See* Multistate Comments in Response to DOE Interpretive Rule Regarding Noncondensing Furnaces and Water Heaters (Sept. 9, 2019), *available at* https://www.regulations.gov/document?D=EERE-2018-BT-STD-0018-0082; Multistate Comments in Opposition to Gas Industry Petition for Interpretive Ruling and Withdrawal of Proposed Furnace Standards (Mar. 1, 2019), *available at* https://www.regulations.gov/document?D=EERE-2018-BT-STD-0018-0049.

8. On January 15, 2021, DOE published an interpretive rule determining -- contrary to its long-standing interpretation of EPCA's "features" provision -- that, in the context of residential furnaces, commercial water heaters, and similarly situated products/equipment, use of non-condensing technology and associated venting constitutes a performance-related "feature" that cannot be eliminated through an amended standard. 86 Fed. Reg. 4776, 4817 ("January 2021 Interpretive Rule"). Accordingly, DOE withdrew its 2015 and 2016 proposed amended furnace and water heater standards. 86 Fed. Reg. 3873 (Jan. 15, 2021).

9. On March 16, 2021, State and Municipal Intervenors filed a petition for review of the January 2021 Final Rule. *New York v. DOE*, No. 21-602 (2d Cir. 2021). That litigation was held in abeyance pending DOE's reconsideration of the January 2021 Interpretive Rule pursuant to Executive Order 13,990, "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," 86 Fed. Reg. 7037 (Jan. 25, 2021). State and Municipal Intervenors submitted comments in support of DOE's proposed rule upon the agency's reconsideration of the January 2021 interpretive rule. *See* Multistate Comments in Support of Proposed Furnace and Hot Water Heater Interpretive Rule (Oct. 12, 2021), available at https://www.regulations.gov/comment/EERE-2018-BT-STD-0018-0136.

10. On December 29, 2021, DOE published its Final Rule, withdrawing the January 2021 Interpretative Rule and stating that the agency would return to its long-standing position that the technology used by a residential furnace or commercial water heater to supply heated air or hot water is not a performance-

6

related "feature" under EPCA that may be used to establish a separate product class subject to higher or lower efficiency requirements. 86 Fed. Reg. 73,947. DOE noted that the Final Rule will allow the agency to prescribe improved energy efficiency standards for furnaces, water heaters and similar products. *Id.* at 73,968.

11.  Given the instant petition for review of the Final Rule, State and Municipal Intervenors requested that their Second Circuit litigation be held in abeyance pending the resolution of this case. *New York v. DOE*, No. 21-602, ECF Doc. # 57.

12.  State and Municipal Intervenors support DOE's Final Rule because it is rational, reasonable, and supported by substantial evidence, and seek to intervene as respondents to defend the Final Rule against challenge by Petitioners, who represent the interests of natural gas utilities and heating equipment manufacturers. As discussed in more detail below, State and Municipal Intervenors have standing to intervene based on their compelling interests in promoting energy efficiency, reducing emissions of greenhouse gases that contribute to climate change, and preventing harm to human health and the environment due to pollutants associated with the combustion of fossil fuels. If the Final Rule were set aside, State and Municipal Intervenors would be injured by the loss of the Final Rule's economic, environmental, and public health benefits.

**LEGAL STANDARD**

13.  FRAP 15(d) provides that a party may move for leave to intervene in a case seeking review of an administrative determination of an agency "within 30

days after the petition for review is filed." A motion to intervene must "contain a concise statement of the interest of the moving party and the grounds for intervention." FRAP 15(d).

14. In determining whether to allow intervention under FRAP 15(d), this Court can draw on the policies underlying Federal Rule of Civil Procedure 24 ("FRCP"). *See Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (applying FRCP 24 to intervention for the purposes of appeal). Under FRCP 24, a party is entitled to intervene in an appeal as of right if it has a legally protected interest in the action; the outcome of the action threatens to impair that interest; no existing party adequately represents that interest; and its motion is timely. *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015). The Court can grant intervention to support the government where the movant would be harmed by a successful challenge to a regulatory action and that harm could be avoided by a ruling denying the relief sought by the petitioner. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003).

## TIMELINESS

15. This motion is timely under FRAP 15(d) because it is filed within 30 days of the petition for review. *See* Petition for Review, *American Gas Assoc. v. DOE*, No. 20-1030, ECF Doc. # 1936915 (Feb. 25, 2022).

16. The proposed intervention will not unduly delay or prejudice the rights of any other party.

**INTEREST AND GROUNDS FOR INTERVENTION**

17. If the Final Rule is set aside, DOE's ability to implement the requirements of EPCA and increase the efficiency of furnaces, water heaters and similar equipment will be severely hampered. Tying the concept of 'feature' to a specific technology -- the approach under the now withdrawn January 2021 Interpretive Rule -- would effectively lock in currently existing technology as the ceiling for product efficiency and eliminate DOE's ability to address technology advances that could yield significant consumer benefits in the form of lower energy costs while providing the same functionality for the consumer. According to DOE's 2016 supplemental proposal, residential furnace standards achievable through condensing technology would have saved over $30 billion in consumer operating costs. *See* Table 1.6 - Summary of Economic Benefits and Costs of Proposed AFUE Energy Conservation Standards for Non-Weatherized Gas Furnaces and Mobile Home Gas Furnaces, 81 Fed. Reg. 65,725. If the Final Rule is vacated, products using non-condensing technology would remain on the market, even though they are significantly less efficient than high-efficiency products utilizing condensing technology.

18. If set aside, the Final Rule will increase energy costs for State and Municipal Intervenors and their residents. Indeed, given the long service life of furnaces and water heaters, purchasers of less efficient models will suffer higher operational costs for years to come. In addition, the lack of national high-efficiency standards for furnaces and water heaters means manufacturers will be slower to

9

produce high-efficiency condensing products, resulting in fewer model options for consumers and businesses.

19. Vacatur of the Final Rule would also interfere with State and Municipal Intervenors' energy and climate change policies.

20. State and Municipal Intervenors are injured by the adverse effects of global climate change on human health and the environment, including increased heat-related deaths, damaged or lost coastal areas, disrupted ecosystems, more severe weather events, and longer and more frequent droughts. *See Massachusetts v. EPA*, 549 U.S. 497, 522-23 (2007); IPCC, 2022: Climate Change 2022: Impacts, Adaptation, and Vulnerability. Contribution of Working Group II to the Sixth Assessment Report of the Intergovernmental Panel on Climate Change [H.-O. Pörtner, D.C. Roberts, M. Tignor, E.S. Poloczanska, K. Mintenbeck, A. Alegría, M. Craig, S. Langsdorf, S. Löschke, V. Möller, A. Okem, B. Rama (eds.)]. Cambridge University Press, available at

https://report.ipcc.ch/ar6wg2/pdf/IPCC_AR6_WGII_FinalDraft_FullReport.pdf.

21. To prevent and mitigate climate change harms within their borders, State and Municipal Intervenors, as well as other states, have taken significant steps to reduce greenhouse gas emissions. *See*, *e.g.*, Cal. Code Regs. tit. 17, §§ 95801-96022; Colo. Rev. Stat. § 25-7-102(2), § 25-7-105 (1)(e)(I); Conn. Gen. Stat. § 22a-200c & Conn. Agencies Regs. § 22a-174-31 (implementing nine-state Regional

Greenhouse Gas Initiative)[2]; Md. Code Ann., Pub. Util. Cos. § 7-703 (establishing that Maryland will receive 50% of its electricity from renewable sources by 2030); Mass. Gen. Laws ch. 21N; 310 Code Mass. Regs. §§ 7.74 & 7.75; New Jersey Global Warming Response Act, N.J. Stat. Ann. § 26:2C-37; New York State Climate Leadership and Community Protection Act, 2019 Session Laws, ch. 106; N.Y. Comp. Codes R. & Regs. tit. 6, Part 251; Or. Rev. Stat. § 469.503(2); Vt. Stat. Ann. tit. 10, § § 578, 590-594; *id.* tit. 30, § § 202a-202b, 8001; Wash. Rev. Code §§ 80.80.040 and 19.405.040.

22.  Improving the efficiency of fossil-fueled appliances and equipment, such as gas furnaces and hot water heaters, through federally mandated standards is critical to achieving the State and Municipal Intervenors' clean energy transition and greenhouse gas emissions reduction goals. For example, under New York's Climate Leadership and Community Protection Act ("CLCPA"), N.Y. Environmental Conservation Law (ECL) art. 75, New York has a state-wide goal to cut greenhouse gas emissions 40 percent by 2030 and 85 percent by 2050. ECL § 75-0107. These ambitious clean energy targets will require transitioning the state's energy infrastructure from fossil-fuel to renewable energy-based technologies. In the interim, New York will need to reduce emissions from "furnaces that burn oil or natural gas" and undertake measures to reduce energy use in "existing residential

---

[2] *See also, e.g.,* Del. Code Ann. tit. 7, § 6043 & Del. Admin. Code tit. 7, ch. 1147; Me. Rev. Stat. Ann. tit. 38, ch. 3-B; Md. Code Ann., Envir., § 2–1002(g); Mass. Gen. Laws ch. 21A, § 22 & 310 Mass. Code Regs. §§ 7.70; N.J. Admin. Code §§ 7:27C-1.1 to -11.14; R.I. Gen. Laws. § 23-82-4; Vt. Stat. Ann. tit. 30, § 255.

and commercial buildings" to meet these policy objectives. ECL §§ 75-0109(2)(d); 75-0103(13)(g).

23. State and Municipal Intervenors rely on national efficiency standards for consumer and commercial products to complement their energy and climate change policies. By enabling DOE to increase the required efficiency of gas furnaces and water heaters, the Final Rule furthers the State and Municipal Intervenors' energy and climate goals. Because state and local efforts to adopt more stringent furnace and water heater requirements may be preempted under EPCA, State and Municipal Intervenors have a particularly strong interest in preserving the Final Rule.

24. Finally, State and Municipal Intervenors have an extensive history of engagement in federal energy efficiency regulation, including standards specifically affecting heating and hot water equipment. *See, e.g., American Public Gas Assoc. v. DOE*, 22 F.4th 1018 (D.C. Cir. 2022) (multistate intervention to defend commercial packaged boiler efficiency standards from industry challenge); *New York v. DOE*, No. 21-602 (2d Cir. 2021) (multistate challenge to January 2021 furnace and water heater interpretive rule); *NRDC v. Perry,* 940 F.3d 1072 (9th Cir. 2019) (multistate action to compel DOE publication of four final efficiency standards); *New York v. Bodman*, No. 08-0311, 0312 (2d Cir. 2008) (multistate action challenging DOE efficiency standards for furnaces); *NRDC v. Herrington*, 768 F.2d 1355 (D.C. Cir. 1985) (multistate challenge to DOE determination not to adopt efficiency standards); *New York v. Granholm*, No. 20-9362 (S.D.N.Y. 2020) (multistate action

to enforce statutory rulemaking deadlines for energy efficiency standards covering over 20 products).

25. State and Municipal Intervenors thus have a compelling interest in defending DOE's Final Rule.

26. Courts have recognized that the interests of one governmental entity may not be the same as another governmental entity. *See, e.g.*, *Forest Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Moreover, "[a] governmental party that enters a lawsuit solely to represent the interests of its citizens . . . differs from other parties, public or private, that assert their own interests, even when these interests coincide." *United States v. Hooker Chems. & Plastics Corp*. 749 F.2d 968, 992 n.21 (2d. Cir. 1984). State and Municipal Intervenors seek to intervene here to ensure that their important and substantial interests in defending the Final Rule are adequately protected.

27. For the foregoing reasons, State and Municipal Intervenors respectfully request that this Court grant their motion to intervene in Case No. 22-1030.

Dated: March 28, 2022

Respectfully Submitted,

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General

BARBARA D. UNDERWOOD
Solicitor General

JEFFREY W. LANG
Deputy Solicitor General

/s/ Lisa S. Kwong[3]
LISA S. KWONG
TIMOTHY HOFFMAN
Assistant Attorneys General
Environmental Protection Bureau

The Capitol
Albany, NY 12224
Tel: (518) 776-2422
     (518) 776-2020

Email: Lisa.Kwong@ag.ny.gov
Email: Timothy.Hoffman@ag.ny.gov
Email: Jeffrey.Lang@ag.ny.gov

---

[3] Counsel for the State of New York represents that the other parties listed in the signature blocks below consent to the filing of this motion.

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

PAUL A. GARRAHAN
Attorney-in-Charge

/s/ Steve Novick
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Tel: (503) 947-4590
Email: Steve.Novick@doj.state.or.us

FOR THE STATE OF NEW JERSEY

MATTHEW J. PLATKIN
Acting Attorney General

/s/ Paul Youchak
PAUL YOUCHAK
Deputy Attorney General
Division of Law
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625
Tel: (609) 815-2278
Email: Paul.Youchak@law.njoag.gov

FOR THE STATE OF VERMONT

THOMAS J. DONOVAN, JR.
Attorney General

/s/ Laura B. Murphy
LAURA B. MURPHY
Assistant Attorney General
Environmental Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Tel: (802) 828-3186
Email: laura.murphy@vermont.gov


FOR THE STATE OF MARYLAND

BRIAN FROSH
Attorney General

/s/ John B. Howard, Jr.
JOHN B. HOWARD, JR.
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Tel: (410) 576-6300
Email: jbhoward@oag.state.md.us

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General

/s/ Gerald Karr
GERALD KARR
Deputy Bureau Chief
JASON E. JAMES
Assistant Attorney General
Environmental Bureau
MATTHEW J. DUNN
Chief, Environmental Enf./
Asbestos Litigation Div.
Environmental Bureau
Illinois Office of the Attorney General
69 W. Washington Street, Suite 1800
Chicago, IL 60602
Tel: (312) 814-3369
Email: Gerald.Karr@ilag.gov

FOR THE COMMONWEALTH OF
MASSACHUSETTS

MAURA HEALEY
Attorney General

/s/ Christophe Courchesne
CHRISTOPHE COURCHESNE
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2423
Email: christophe.courchesne@mass.gov

17

FOR THE DISTRICT OF COLUMBIA

KARL A. RACINE
Attorney General

/s/ Caroline S. Van Zile
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General
for the District of Columbia
400 Sixth Street, N.W. Suite 8100
Washington, D.C. 20001
Tel: (202) 724-6609
Email: Caroline.VanZile@dc.gov

FOR THE STATE OF MAINE

AARON M. FREY
Attorney General of Maine

/s/ Katherine E. Tierney
KATHERINE E. TIERNEY
Assistant Attorney General
6 State House Station
Augusta, ME 04333
Tel: (207) 626-8897
Email: Katherine.Tierney@maine.gov

FOR THE STATE OF NEVADA

AARON D. FORD
Attorney General

/s/ Heidi Parry Stern
HEIDI PARRY STERN (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Tel: (702) 486-3594
Email: HStern@ag.ny.gov

18

FOR THE STATE OF NEW MEXICO

HECTOR BALDERAS
Attorney General

/s/ William Grantham
WILLIAM GRANTHAM
Assistant Attorney General
Attorney General of New Mexico
408 Galisteo Street
Villagra Building
Santa Fe, NM 87501
Tel: (505) 717-3520
Email: wgrantham@nmag.gov


FOR THE STATE OF WASHINGTON

ROBERT W. FERGUSON
Attorney General


/s/ Christopher H. Reitz
CHRISTOPHER H. REITZ
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
Tel: (360) 586-4614
Email: chris.reitz@atg.wa.gov

19

FOR THE STATE OF MINNESOTA

KEITH ELLISON
Attorney General

/s/ Peter Surdo
PETER SURDO
Special Assistant Attorney General
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
Tel: (651) 757-1061
Email: peter.surdo@ag.state.mn.us

FOR THE CITY OF NEW YORK

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel

/s/ Hilary Meltzer
HILARY MELTZER
Chief, Environmental Law Division
New York City Law Department
100 Church Street
New York, NY 10007
Tel: (212) 356-2070
Email: hmeltzer@law.nyc.gov

20

## CERTIFICATE OF PARTIES AND AMICI

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A), proposed State and Municipal Intervenors-Respondents submit the following certificate as to parties, intervenors, and amici curiae in the petition for review in Case No. 22-1030:

<u>District Court</u>

This case involves a petition for review of a final rule by DOE entitled "Energy Conservation Program for Appliances: Energy Conservation Standards for Residential Furnaces and Commercial Hot Water Heaters," 86 Fed. Reg. 73,947 (Dec. 29, 2021). Accordingly, there were no district court proceedings.

<u>Parties in Proceedings Before This Court</u>

<u>Petitioners</u>

American Public Gas Association

American Gas Association

Spire, Inc.

Spire Alabama, Inc.

Spire Missouri, Inc.

Thermo Products, Inc.

<u>Respondents</u>

United States Department of Energy

Jennifer M. Granholm, Secretary of the United States Department of Energy

Amici Curiae

The proposed State and Municipal Intervenors are unaware of any entities that have given notice of, asked for leave to appear or have been granted leave to appear as amicus curiae.


Dated: March 28, 2022　　　　　　　　　　　　 /s/ Lisa S. Kwong

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

The undersigned attorney, Lisa S. Kwong, hereby certifies:

1.    This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2). According to the word processing system used in this office, this document, excluding the caption, signature block, and any certificates of counsel, contains 2,888 words.


Dated: March 28, 2022                           /s/ Lisa S. Kwong

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene with attachments was filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia on March 28, 2022 using the Court's CM/ECF system, and that, therefore, service was accomplished upon counsel of record by the Court's system.

Dated: March 28, 2022                      /s/ Lisa S. Kwong