**ORAL ARGUMENT HELD ON NOVEMBER 21, 2024**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Gas Association, et al.,<br>Petitioners,<br><br>v.<br><br>United States Department of Energy, et al.,<br>Respondents. | Nos. 22-1030, 23-1285,<br>23-1337 |

**MOTION TO PLACE CONSOLIDATED CASES IN ABEYANCE**

The government respectfully requests that these consolidated appeals be placed in abeyance pending administrative proceedings to revisit the challenged rules.

1. The Energy Policy and Conservation Act (EPCA) establishes efficiency standards for certain appliances and authorizes the Department of Energy to periodically revise those standards. *See* 42 U.S.C. § 6201 *et seq.* Any amended standards must satisfy various statutory criteria, including that the standards must achieve efficiency improvements without removing product "performance characteristics" from the marketplace. *Id.* §§ 6295(o)(4), 6313(a)(6)(B)(iii)(II); 6316(a).

These consolidated cases involve petitions for review challenging three Department rules implementing EPCA. The first rule interprets the statutory term "performance characteristics" as limited to "aspects of the appliance with which the consumer interacts during the operation of the product" and thus as excluding "differences in cost or complexity of installation." *Energy Conservation Program for Appliance Standards: Energy Conservation Standards for Residential Furnaces and Commercial Water Heaters*, 86 Fed. Reg. 73,947, 73,955, 73,958 (Dec. 29, 2021). Relying in part on that interpretation, the second and third rules establish amended standards for consumer furnaces and commercial water heaters. *See Energy Conservation Program: Energy Conservation Standards for Consumer Furnaces*, 88 Fed. Reg. 87,502 (Dec. 18, 2023); *Energy Conservation Program: Energy Conservation Standards for Commercial Water Heating Equipment*, 88 Fed. Reg. 69,686 (Oct. 6, 2023). It is undisputed that the levels set in the amended standards will eliminate non-condensing units—a category of consumer furnaces and commercial water heaters—from the marketplace.

The petitioners in these cases are natural gas utilities, a manufacturer of certain heating appliances, and trade associations representing the natural

gas and propane industries. As relevant here, petitioners argue that because the amended standards remove non-condensing consumer furnaces and commercial water heaters from the market, they render unavailable performance characteristics associated with those appliances in violation of EPCA. *See* 42 U.S.C. §§ 6295(o)(4), 6313(a)(6)(B)(iii)(II).

2. After this Court denied the petitions for review, *see Am. Gas Ass'n v. U.S. Dep't of Energy*, 157 F.4th 476 (D.C. Cir. 2025), petitioners filed a petition for a writ of certiorari, *see Am. Gas Ass'n v. U.S. Dep't of Energy*, No. 25-879 (U.S. Jan. 20, 2026). In its response to the petition, the government observed that following the change in Administration, "[t]he Department has determined that the rules at issue are factually and legally flawed." U.S. Br. 11, *Am. Gas Ass'n v. U.S. Dep't of Energy*, No. 25-879 (U.S. Apr. 28, 2026). Among other things, the Department's effort to limit "performance characteristics" to "those features with which a consumer interacts during the product's operation is atextual and unsound." *Id.* at 10. The government accordingly explained that the Department "is considering a new rulemaking in which it would correct those errors." *Id.* at 11. In light of these developments, the government urged the Supreme Court to grant certiorari, vacate the underlying judgment, and remand for further

proceedings. As the government explained, "[a] GVR would permit the court of appeals to take account of these developments and the Department's revised position in the first instance, including by potentially holding this case in abeyance pending a new rulemaking." *Id.*

The Supreme Court granted the petition, vacated the judgment, and remanded "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States." Order, *Am. Gas Ass'n v. U.S. Dep't of Energy*, No. 25-879 (U.S. June 8, 2026).

3. Following the Supreme Court's order, the Department published identical notices addressing the challenged rules. *See, e.g.*, Notice to Docket, *Energy Conservation Program: Petition for Rulemaking for Commercial Water Heating Equipment and Consumer Furnaces* (June 30, 2026), https://www.regulations.gov/docket/EERE-2026-BT-STD-0001-0115. Each Notice explains that the Department "is drafting a rulemaking to propose the best reading of the statute as it pertains to 'performance characteristics'" and that it "anticipates publishing a proposed rule this fall." *Id.* The Notices further explain that the Department "will propose energy conservation standards for commercial water heaters and residential furnaces as [it] determines appropriate based on statutory factors and the record

developed." *Id.* Thus, the Notices reflect that the Department intends to revisit each of the three rules challenged here.

4. In light of these developments, the government respectfully requests that these cases be placed in abeyance pending the Department's issuance of revised rules. An abeyance would promote judicial economy by ensuring that this Court's review is focused on enduring agency action that reflects the Department's current views, as informed by public comments. The government proposes to submit status reports apprising the Court of relevant developments every 90 days.

5. Counsel for petitioners have indicated that petitioners do not oppose the relief requested in this motion. Counsel for intervenors have indicated that they oppose the relief requested in this motion and intend to file a response.

Respectfully submitted,

MICHAEL S. RAAB

*/s/ Steven H. Hazel*
STEVEN H. HAZEL
202.514.2498
Attorneys, Appellate Staff
Civil Division, Room 7217
Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

July 2026

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 794 words, according to the count of Microsoft Word.

*/s/ Steven H. Hazel*
Steven H. Hazel

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, I filed and served the foregoing document with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. The participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel