**ORAL ARGUMENT HELD ON NOVEMBER 21, 2024**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Gas Association, et al.,<br>          Petitioners,<br><br>                    v.<br><br>United States Department of Energy, et al.,<br>          Respondents. | Nos. 22-1030, 23-1285,<br>23-1337 |

**REPLY IN SUPPORT OF MOTION TO PLACE CONSOLIDATED
CASES IN ABEYANCE**

Intervenors' response only underscores that these consolidated cases
should be held in abeyance pending the Department of Energy's completion
of proceedings to revise the challenged rules.  Intervenors do not dispute
that "[t]he Department has determined that the rules are factually and
legally flawed" and intends to revisit them.  U.S. Br. 11, *Am. Gas Ass'n v.
U.S. Dep't of Energy*, No. 25-879 (U.S. Apr. 28, 2026).  Nor do intervenors
dispute that the Department's issuance of final rules amending the relevant
standards would moot these cases.  This Court has routinely concluded that
an abeyance is appropriate where an agency contemplates "a complete
reversal of course" that "if adopted, would necessitate substantively different

legal analysis and would likely moot" the case. *American Petroleum Institute v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012); *see* Statement of Rao, J., at 1-6, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025) (collecting examples).

There is no basis for deviating from that approach here. Intervenors assert that the government cannot justify an abeyance without "demonstrat[ing] hardship" and imply that the government forfeited any such demonstration. Resp. 4 & n.2 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). But the case on which intervenors rely concerned a stay rather than an abeyance, emphasized that courts should avoid "strict[]" rules of the kind that intervenors propose, and did not involve an agency's reconsideration of its rules. *Landis*, 299 U.S. at 254. Where an agency revisits its rules, the usual reason for an abeyance is to "conserve judicial resources." *American Petroleum*, 683 F.3d at 388-89. In this case, for example, there is no need for this Court to grapple with the statutory question here when the agency is currently evaluating a new course that will likely render these cases moot. And for the same reasons that an abeyance would preserve judicial resources, it would also conserve the parties'

resources by avoiding litigation regarding rules that the Department anticipates will be replaced.[1]

Other aspects of intervenors' argument also illustrate that an abeyance is appropriate. They assert that an abeyance would not "dispense with the need" to resolve the disputed issues because "it is virtually certain that the Court will be called upon to review any DOE actions that weaken the adopted standards"—presumably because intervenors themselves expect to challenge any such actions. Resp. 6. (citation omitted). But the relevant question is not whether an abeyance would prevent all related litigation in the future, but whether it would promote judicial economy. Given intervenors' apparent intent to petition for review of the Department's amended standards assuming they become final, it makes little sense to press ahead with parallel litigation involving rules that the agency views as factually and legally flawed. Similarly mistaken is intervenors' related assertion that a final judgment adopting their preferred statutory interpretation would "obviate any need for DOE's planned recission

---

[1] Intervenors mistakenly suggest (Resp. 4-5) that the government is "seeking *Chevron*-style deference to its potential reinterpretation" of the statute. The government has not relied on *Chevron*. And the fact that *Chevron* has been overruled provides no reason for this Court to resolve challenges to rules that may soon become moot.

rulemaking." Resp. 9. Because the Department regards the challenged rules as both legally and factually flawed, new administrative proceedings are warranted no matter how this Court construes the statute.

While an abeyance would yield obvious benefits, intervenors identify no cognizable downsides. Their attempt to establish "hardship" fails on multiple levels. Resp. 7. As an initial matter, this Court has "generally declined to consider the hardship" to intervenors defending the regulation of others. Statement of Rao, J., at 4 n.1, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025); *cf. Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007) (highlighting the absence of cases "in which a court actually considered the hardship to a respondent (or an intervenor-respondent) of deferring a decision on a challenger's petition"). That is unsurprising, as a court's assessment of hardship normally turns on "the degree and nature of the regulation's present effect on those seeking relief." *Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 164 (1967). Here, the only parties challenging the rules do not oppose an abeyance.

In any event, intervenors' asserted hardship is both attenuated and not attributable to an abeyance. Intervenors speculate (Resp. 8) that an abeyance might lead to "compliance delays" in which manufacturers continue

to sell less-efficient units, precipitating greater demand for energy and, ultimately, "higher energy costs" and more "pollution."  Resp. 8.  That "chain of possibilities"—which depends on the independent actions of multiple third-parties, including manufacturers and appliance purchasers—comes nowhere near establishing any cognizable injury.  *West v. Lynch*, 845 F.3d 1228, 1235-36 (D.C. Cir. 2017).  Even if it were otherwise, any "compliance delays" would flow not from an abeyance, but from the Department's independent decisions about whether to expend resources enforcing standards that it intends to replace.  *See, e.g.*, Dep't of Energy, Enforcement Policy Statement, (Apr. 24, 2026), https://www.energy.gov/sites/default/files/2026-04/2026%20CWH%20Enforcement%20Policy.pdf (indicating that the Department is exercising its discretion not to enforce the challenged standards regarding commercial water heaters).

Similarly unavailing is intervenors' claim that their anticipated challenge to any revised standards would succeed in light of what they term the statute's "anti-backsliding provision."  Resp. 5-6 (citing 42 U.S.C. § 6295(o)(1)).  This argument is not ripe and it has no bearing on the rules challenged in this case.  Intervenors' assertion that they will prevail in anticipated future litigation challenging anticipated revised rules that the

Department has not yet proposed, much less finalized, provides no reason to proceed with the present litigation concerning rules that the Department may replace.

Intervenors fare no better in complaining that the government seeks an abeyance of "indefinite duration." Resp. 6. Although the Department is moving with dispatch, the challenged rules are complex—they occupy hundreds of Federal Register pages—and will take time to revisit. In the interim, the Department proposes to submit regular status reports updating this Court on its progress. No one has suggested that the Department has an interest in delay, but if this Court developed any such concern, it could consider whether to take any appropriate action at that time.

Respectfully submitted,

MICHAEL S. RAAB

*/s/ Steven H. Hazel*
STEVEN H. HAZEL
  202.514.2498
  Attorneys, Appellate Staff
  Civil Division, Room 7217
  Department of Justice
  950 Pennsylvania Ave. NW
  Washington, D.C.  20530

July 2026

# CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1040 words, according to the count of Microsoft Word.

/s/ *Steven H. Hazel*
Steven H. Hazel

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I filed and served the foregoing document with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system.  The participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel